UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00995-MTS |
| | ) | |
| AT&T INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In this action for damages, Plaintiff Christopher Rooks maintains that Defendant AT&T, Inc.* violated the Fair Credit Reporting Act and the Missouri Merchandising Practices Act. The parties agree that they have a contract that provides that they must arbitrate most claims. Relying on that arbitration provision, Defendant asks the Court to compel arbitration. Doc. [10]; *see also* 9 U.S.C. §§ 2–4. Plaintiff opposes Defendant's Motion, arguing that his claims against Plaintiff are excluded from the arbitration provision and that, in any event, the arbitration provision is unenforceable. Because the Court concludes that Plaintiff has failed to show his claims are excluded or that the arbitration provision is unenforceable, the Court will grant Defendant's Motion.

---

* Plaintiff brought this action against "AT&T, Inc." in the Circuit Court of St. Louis County. Doc. [3]. Asserting that it had been "improperly identified" as AT&T, Inc., AT&T Mobility, LLC removed Plaintiff's action to this Court. Doc. [1]. Plaintiff did not raise this issue as a procedural defect to removal nor as an issue with the applicability of the arbitration contract at issue. The Court therefore does not address these points. *See Niemi v. Lasshofer*, 728 F.3d 1252, 1259 (10th Cir. 2013) (Gorsuch, J., for the Court) (noting that under our adversarial system, courts "don't usually go looking for trouble" but "rely instead on the parties to identify the issues [the court] must decide").

## Discussion

The parties contract requires them "to arbitrate all disputes and claims between [them], except for claims arising from bodily injury or death." Doc. [11-5] at 3. Plaintiff's argument is a simple one. His pleading alleges that Defendant's actions and inactions resulted in "bodily injury" to Plaintiff. Doc. [3] ¶¶ 24, 48. Therefore, he says, the arbitration provision does not apply to his claims for relief. Plaintiff's argument, which does not even take up an entire page in his opposition memorandum, misses the mark because it fails to grapple with the provision's text. Indeed, it provides no analysis whatsoever and can barely, if at all, be said to frame the issue for decision. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (explaining that courts "rely on the parties to frame the issues for decision").

Plaintiff's sole explanation is that he "seeks damages arising from bodily injury in his Complaint." Doc. [16] at 3. But seeking damages for bodily injury is not the test under the contractual provision. The question is whether Plaintiff's *claim* is one *arising from* bodily injury or death. Plaintiff has not convinced the Court that his Fair Credit Reporting Act and the Missouri Merchandising Practices Act claims originated, stemmed, or resulted from a bodily injury. *See Arise*, *Black's Law Dictionary* (12th ed. 2024) ("To originate; to stem" or "To result"). Defendant's alleged statutory violations originated or stemmed from Defendant "plac[ing]" "negative and inaccurate items on [Plaintiff's] consumer report" that "indicat[ed] he owed a false balance." Doc. [3] ¶ 11. Those alleged statutory violations then eventually led to Plaintiff's injuries. Plaintiff's (alleged) bodily injury resulted from the claim; the claim did not result from bodily injury.

What is more, Plaintiff has not sufficiently pleaded (or explained in his opposition) how his alleged bodily injury constitutes "bodily injury" under the contractual provision. *See* Doc. [3] ¶¶ 24, 48 (pleading unadorned allegations of "bodily injury" with no factual specificity whatsoever). Simply parroting the phrase "bodily injury" in his pleading—in a clear attempt to circumvent the arbitration provision—is not enough. Without even explaining what the bodily injuries were or even attempting to demonstrate causation, he has not established that his alleged bodily injuries fall within the scope of the arbitration exception. *Cf. Terrafranca v. Virgin Atlantic Airways, Ltd.*, 151 F.3d 108, 111 (3rd Cir. 1998) (holding that physical manifestation of emotional injury was not "bodily injury" under Article 17 of the Warsaw Convention); *State Farm Mut. Auto Ins. Co. v. D.L.B.*, 881 N.E.2d 665, 666 (Ind. 2008) (holding that insured did not suffer "bodily injury" even though his emotional distress was accompanied by physical manifestations because these physical manifestations were not the result of an impact, force, or harm); *Dahlke v. State Farm Mut. Auto. Ins. Co.*, 451 N.W.2d 813, 814–15 (Iowa 1990) (finding it was "clear on its face" that the term "bodily injury" did not include "the psychological and physical effects" on parents from the death of their son). In sum, Plaintiff has not sufficiently pleaded facts showing any physical damage to his body and therefore has not established his claim even involves a bodily injury as contemplated by the arbitration exception in the parties' contract. *See Injury*, *Black's Law Dictionary* (12th ed. 2024) (defining "bodily injury" as "[p]hysical damage to a person's body").

To be sure, the phrase "claims arising from bodily injury or death" is not a model of clarity. But "it has been established that where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960)); *accord Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001); *CD Partners v. Grizzle*, 424 F.3d 795, 800 (8th Cir. 2005). Putting it as generously as possible for Plaintiff, there is an iota of doubt about whether this exception applies. The Court resolves this slightest doubt in favor of arbitration.

Plaintiff also argues that the arbitration clause is unenforceable because it is unconscionable and requires plaintiff to either limit his claims or bear the cost of arbitration. The Court concludes this argument is meritless and summarily rejects it. *See Sapan v. Directv, LLC*, 8:22-cv-01600-FWS, 2023 WL 5505914, at *6–7 (C.D. Cal. June 9, 2023); *Trimble v. AT&T Mobility LLC*, 5:23-cv-00038-KDB-SCR, 2023 WL 5493584, at *3–5 (W.D.N.C. Aug. 24, 2023); *Nichols v. AT&T Mobility, LLC*, 1:24-cv-00802-NYW, 2025 WL 446142, at *6–8 (D. Colo. Feb. 10, 2025).

\*   \*   \*

Because this dispute falls within the scope of the Arbitration Agreement, and because Plaintiff has not met his burden to overcome the presumption of arbitrability, he

must assert his claims against Defendant in an arbitral forum.  The Court will grant the Motion, compel arbitration, and stay this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration, Doc. [10], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** until arbitration has been had in accordance with the terms of the parties' agreement.

**IT IS FINALLY ORDERED** that the parties shall file a joint status update no later than **June 04, 2025**, and every three months thereafter.  Failure to do so could result in the dismissal of this action without prejudice and without further notice.

Dated this 5th day of March 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE